**IN THE COURT OF APPEALS OF IOWA**

No. 21-1980
Filed February 8, 2023

**IN RE THE MARRIAGE OF AARON MATTHEW CLARK
AND ROCHELLE R. CLARK**

**Upon the Petition of
AARON MATTHEW CLARK,**
      Petitioner-Appellant,

**And Concerning
ROCHELLE R. CLARK,**
      Respondent-Appellee.
_____

Appeal from the Iowa District Court for Woodbury County, Jeffrey A. Neary, Judge.

A husband appeals from the property distribution and spousal support laid out in his marriage dissolution decree. **APPEAL DISMISSED AND REMANDED WITH INSTRUCTIONS.**

Craig H. Lane of Craig H. Lane, P.C., Sioux City, for appellant.

Michele Lewon of Michele Lewon, P.L.C., Sioux City, for appellee.

Considered by Bower, C.J., and Greer and Badding, JJ.

**GREER, Judge.**

Aaron and Rochelle Clark dissolved their twenty-three-year marriage in December 2021. For the most part, they agreed to the division of many of the assets and debts, but the district court resolved some of the issues that could not be settled, including the division of certain property and the award of spousal support. After the trial, Rochelle sought clarification over conflicting language in the decree describing the spousal-support award and moved under Iowa Rule of Civil Procedure 1.904 for the district court to amend its decree.[1] But before the court could rule on the motion, Aaron filed a notice of appeal and then resisted the motion, arguing the district court no longer had jurisdiction to address it. The court agreed with him that it no longer had jurisdiction to address the motion. The district court explained:

> The Court became aware on January 12, 2022 that [Rochelle] had filed a post-decree Motion pursuant to Rule 1.904 when [Aaron's] Resistance was placed in the Judge's queue. The Motion had not been placed in the Judge's queue at any time after the Motion's filing on December 16, 2021. Since the filing of the post-decree Motion, [Aaron] has filed a notice of appeal and as such, this Court is without jurisdiction to consider and rule on the Rule 1.904 Motion. The Court can address ancillary matters and correct errors made but the Motion requests a[] substantive change and the Court is without jurisdiction to hear the Motion as a result. Accordingly, the Court denies the Motion for lack of jurisdiction.

---

[1] While she did not file a cross-appeal, in her appellate brief, Rochelle summarized the sections in the decree she believed needed clarification:

> In the Decree, the Court first states that "[u]nder these facts, there is support for transitional or rehabilitation alimony as well as traditional alimony. The Court clearly sees the first 4 years of alimony as transitional or rehabilitation alimony and thereafter as traditional alimony." The Court next states that Rochelle would receive spousal support of $800.00 a month until Aaron retires. On the next page, the Court limits the spousal support award as "transitional alimony in the amount of $800.00 per month for a period of 48 months. . . ."

Now on appeal, Aaron asks that we resolve his concerns over the award of spousal support and the division of assets. But before we can tackle those questions, we are faced with a jurisdictional hurdle. No one has raised this issue but "an appellate court has responsibility *sua sponte* to police its own jurisdiction." *Crowell v. State Pub. Def.*, 845 N.W.2d 676, 681 (Iowa 2014).

The general rule is that if the party who files the rule 1.904 motion is the party who appeals before the district court can rule on the motion, the district court no longer has jurisdiction to then rule on the motion. *See Garrison v. New Fashion Pork LLP*, 977 N.W.2d 67, 81 (Iowa 2022) (stating a party's "notice of appeal deprived the district court of jurisdiction to rule on that [party's] motion [to reconsider]" and constitutes a waiver of that motion). But here, it was Rochelle's motion left hanging.

As for Rochelle's rule 1.904 motion, "[w]hen . . . a motion to enlarge or amend . . . is pending prior to the taking of an appeal, the decree to which the motion is addressed becomes in effect interlocutory until the court rules upon the motion." *Teichmeier v. Teichmeier*, No. 14-0973, 2015 WL 3624148, at *1 (Iowa Ct. App. June 10, 2015) (ellipsis in original) (quoting *Wolf v. City of Ely*, 493 N.W.2d 846, 848 (Iowa 1992)). While parties have a right to appeal from a final order and judgment, they must apply to the supreme court for permission to appeal an interlocutory ruling or order. Iowa Rs. App. P. 6.103(1) ("All final orders and judgments of the district court . . . may be appealed to the supreme court . . ."), 6.104(1)(a) ("Any party aggrieved by an interlocutory ruling or order of the district court may apply to the supreme court for permission to appeal in advance of final judgment."). We treat an errant appeal as an application for interlocutory appeal.

Iowa R. App. P. 6.108. But, to grant the application for interlocutory review, there must be a finding that the ruling "involves substantial rights and will materially affect the final decision and that a determination of its correctness before trial on the merits will better serve the interests of justice." Iowa R. App. P. 6.104(2).

But, our charge in this appeal is to consider the property division and alimony "together in evaluating their individual sufficiency"—a task best served by knowing exactly what spousal support was ordered. *In re Marriage of Trickey*, 589 N.W.2d 753, 756 (Iowa Ct. App. 1998). Without a final order in this case because of the pending motion, we find the better route is to dismiss the appeal and remand the case to the district court so it may rule on Rochelle's rule 1.904 motion. That will serve to "render the order final and confer jurisdiction on the appellate court if notices of appeal and cross-appeal are filed." *Teichmeier*, 2015 WL 3624148, at *2.

**APPEAL DISMISSED AND REMANDED WITH INSTRUCTIONS.**